Michael D. YEPMA, Appellant,

v.

Cynthia D. (Yepma)
STEPHENS, Appellee.

No. 3–88–179–CV.

Court of Appeals of Texas,
Austin.

Oct. 25, 1989.

Michael J. Nelson and Leslie Hume, Legal Aid Soc. of Central Texas, Belton, for appellant.

Russell A. Smith, Blanks, Greenfield & Rhodes, Temple, for appellee.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

GAMMAGE, Justice.

This is an appeal from a district court judgment terminating the parent-child relationship between Michael D. Yepma and his children. By his first point of error, Yepma asserts there is no evidence to support the trial court's finding that he failed to support his children in accordance with his ability for a continuous period of one year ending within six months of the filing of the petition, as required by Tex.Fam. Code Ann. § 15.02(1)(F) (1986). We will reverse the judgment of the trial court.

Michael Yepma and Cynthia Yepma (now Stephens) were married January 15, 1977. They have two children, Michael Scott and Jason Blake. When they divorced in 1985, she was named managing conservator of the children; he was named possessory conservator and ordered to pay child support. Stephens remarried later that year.

Yepma was incarcerated in the Texas Department of Corrections on October 30, 1986, and remained incarcerated at the time of trial. Stephens filed suit to terminate Yepma's parental rights on November 5,

1987, a little over a year after he was first incarcerated.

Stephens brought suit to terminate the parent-child relationship between Yepma and his children under Tex.Fam. Code Ann. § 15.02(1)(F) and (2) (1986) which provides:

> A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:
> (1) the parent has:
>
> .   .   .   .   .
>
> (F) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; ... and in addition, the court further finds that
> (2) termination is in the best interest of the child.

 In addressing a no evidence point, an appellate court must look only to the evidence and inferences supporting the trial court's judgment and disregard all evidence and inferences to the contrary. If there is any probative evidence supporting the judgment, we must affirm. *Jacobs v. Danny Darby Real Estate, Inc.*, 750 S.W.2d 174, 175 (Tex.1988); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

Yepma argues the trial court erred by incorrectly construing the statute's time requirements. In its supplemental fact findings, the trial court found that Yepma had the ability to support his children and did not do so "for each month over twelve (12) consecutive months, i.e., from July 1985 until October 1986."

Yepma argues the statute requires the twelve-month period of nonsupport and ability to pay must begin no earlier than eighteen months before the date of the filing of the petition to terminate. Both a plain reading of the statute and case law support this position. *See, e.g., Craddock v. Worley*, 601 S.W.2d 445 (Tex.Civ.App. 1980, no writ); *Compasano v. State*, 576 S.W.2d 100 (Tex.Civ.App.1978, no writ); *Brokenleg v. Butts*, 559 S.W.2d 853 (Tex. Civ.App.1977, writ ref'd n.r.e.). Moreover, "involuntary termination statutes are

strictly construed in favor of the parent." *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985).

In the present case, the petition was filed on November 5, 1987. It is apparent that the critical twelve-month period of nonsupport and ability to pay must have begun to run no earlier than May 5, 1986. Slightly less than six months of the period of nonsupport found by the trial court falls within the required time limits.

While it is undisputed that Yepma failed to support the children during the relevant period, the statute also requires evidence establishing that the parent had the ability to pay child support during the relevant period. Yepma asserts he was unable to provide such support while incarcerated. The record shows that he was incarcerated, beginning October 30, 1986, for more than twelve months of the relevant eighteen-month period. There is no evidence that he was able to pay support for the children while incarcerated, that he received income of any sort during this period, or that he owned any assets other than an inmate trust fund containing a twelve-cent credit. Michael's first point of error is sustained.

The judgment of the trial court is reversed and judgment is rendered denying termination of the parent-child relationship.

Reversed and Rendered.