**In the Interest of Z.W.C., a Minor Child.**

**No. 2–92–285–CV.**

Court of Appeals of Texas,
Fort Worth.

June 23, 1993.

Stuart C. Shelton, Bowie, for appellant.

Brian E. Powers, Bowie, for appellee.

Before HILL, C.J., and DAY and FARRAR, JJ.

## OPINION

DAY, Justice.

L.W.C. (appellant) appeals from the trial court's judgment terminating the parent-child relationship between him and Z.W.C.

We reverse and render.

In his sole point of error, appellant contends there is no evidence to support the trial court's conclusion that appellant failed to support Z.W.C. in accordance with his ability.

Appellant and D.N.C. (appellee) are the biological parents of Z.W.C. Appellant and appellee were granted a divorce on December 11, 1989, ten and one-half months after Z.W.C.'s birth. The divorce decree appointed appellee managing conservator and appellant possessory conservator of the child. The decree also ordered appellant to pay child support of $200 per month, beginning on December 15, 1989. No child support was ever paid.

On February 10, 1992, appellee petitioned to terminate the parent-child relationship between appellant and Z.W.C. As grounds for her petition, appellee alleged that appellant had failed to support Z.W.C. in accordance with his ability during a one-year period ending within six months of the date the petition was filed. Appellee also alleged termination of the parent-child relationship would be in Z.W.C.'s best interest.

The Texas Family Code provides for involuntary termination of parental rights if the trial court finds:

(1) the parent has:

. . . .

(F) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; [and]

(2) termination is in the best interest of the child.

*See* TEX.FAM.CODE ANN. § 15.02(1)(F) & (2) (Vernon Supp.1993).

In determining a "no evidence" point, we are to consider only the evidence and inferences that tend to support the finding of the trier of fact and disregard all evidence and inferences to the contrary. *See Sherman v. First National Bank,* 760 S.W.2d 240, 242 (Tex.1988) (per curiam); *Larson v. Cook Consultants, Inc.,* 690 S.W.2d 567, 568 (Tex.1985); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951) (per curiam). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *In re King's Estate,* 244 S.W.2d at 661–62.

Because termination of parental rights is a matter of constitutional dimension, the grounds for termination must be proven by clear and convincing evidence. *See* TEX. FAM.CODE ANN. § 11.15(b) (Vernon 1986); *State v. Addington,* 588 S.W.2d 569, 570 (Tex.1979). "Clear and convincing evidence" is the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. Section 11.15(c); *Addington,* 588 S.W.2d at 570. The party seeking termination bears the burden of proof. *See Quarles v. Quarles,* 386 S.W.2d 337, 339 (Tex.Civ.App.—Dallas), *writ dism'd w.o.j.,*

388 S.W.2d 926 (Tex.1965) (party asserting the affirmative of an issue is obligated to establish it).

■ Although the decision to terminate rests within the trial court's sound discretion, the court may not terminate a parent-child relationship solely upon what the court determines to be in the child's best interest. *Texas Dep't of Human Servs. v. Boyd,* 727 S.W.2d 531, 533 (Tex.1987); *Kennedy v. Becker,* 530 S.W.2d 923, 924 (Tex.Civ.App.—Waco 1975, no writ).

■ Since appellee filed her petition on February 10, 1992, she was required to prove that appellant had not supported Z.W.C. to the best of his ability for one year beginning no earlier than August 10, 1990.[1] One year means twelve consecutive months, and the ability to pay support must exist each month during the twelve-month period. *Craddock v. Worley,* 601 S.W.2d 445, 446 (Tex.Civ.App.—Dallas 1980, no writ); *Brokenleg v. Butts,* 559 S.W.2d 853, 856 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.), *cert. denied,* 442 U.S. 946, 99 S.Ct. 2894, 61 L.Ed.2d 318 (1979).

■ Appellant was incarcerated much of the time between August 10, 1990 and February 10, 1992. He asserts there is no evidence that he had any means to pay child support during this time.

Appellee points out, however, that during 1991, appellant was incarcerated from January 1–23, November 13–December 3, and December 17–31. Thus, appellee contends that, for twelve consecutive months beginning in January 1991, appellant either was not incarcerated at all (February through October) or was incarcerated for only part of a month (January, November, December). Relying on *Yepma v. Stephens,* 779 S.W.2d 511 (Tex.App.—Austin 1989, no writ), appellee asks us to presume appel-lant had the ability to pay child support during these periods and that the trial court's judgment therefore has some support in the record.

The *Yepma* court merely found that the appellant had been incarcerated for more than twelve months of the relevant eighteen-month period and was unable to provide support while imprisoned. *Id.* at 512. The court did not otherwise discuss ability to pay support, and we do not believe the presumption appellee urges can be drawn from that case.

The record is silent on appellant's ability or inability to pay child support during the periods in which he was not incarcerated. Thus, appellee did not bear her burden of proving, by clear and convincing evidence, that appellant failed to support Z.W.C. in accordance with his ability. In view of the complete lack of evidence to support an allegation essential to appellee's case, we find the trial court abused its discretion by terminating the parent-child relationship.

We sustain appellant's point of error.

Under TEX.R.APP.P. 80(b) and 81(b), when we sustain a "no evidence" point, it is our duty to render judgment for the appellant because that is the judgment the trial court should have rendered. *See Vista Chevrolet, Inc. v. Lewis,* 709 S.W.2d 176 (Tex. 1986) (per curiam); *National Life and Accident Ins. Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex.1969).

We reverse the trial court's judgment and render judgment for appellant.

---

**1.** *See* § 15.02(1)(F) (year of nonsupport must end within six months of the date the termi-nation petition is filed).