TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00075-CV






Sue Roderick, Appellant



v.



Billy Ray Tabor and Glenda Jane Tabor, Appellees






FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY


NO. 97-4448, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING 






 This case involves the involuntary termination of the parent-child relationship
between appellant Sue Roderick and her daughter, M.R. Appellees Billy Ray Tabor and Glenda
Jane Tabor brought suit for termination and for adoption of M.R. After a non-jury trial, the court
ordered termination of the parent-child relationship and granted the adoption. Roderick raises six
issues on appeal challenging the legal and factual sufficiency of the evidence. We will affirm the
trial court's decree.


BACKGROUND


 M.R. was born on March 3, 1989. When she was seven months old, Roderick
asked the Tabors to keep her because Roderick and M.R.'s father were using drugs and living in
a house without running water or electricity. The Tabors have maintained physical custody of
M.R. since she was seven months old. On January 25, 1991, the Tabors were granted managing
conservatorship of M.R. with the permission of both Roderick and M.R.'s father.

 Roderick was incarcerated in October 1992 after pleading guilty to a drug charge
and a charge of injury to a child. (1) Before her incarceration, Roderick visited M.R. approximately
a dozen times. She has not seen M.R. since she went to prison, but testified that she has written
M.R. a few times. Roderick has not provided the Tabors with any form of financial support for
M.R. since M.R. was placed in the Tabors' custody.


DISCUSSION


 The issues raised on appeal present the question whether, based on the
circumstances of this case, the Texas Family Code authorizes termination of Roderick's parental
rights. A court may terminate a parent-child relationship if it finds that (1) the parent has engaged
in any of the specific conduct listed in the Texas Family Code as grounds for termination, and (2)
the termination is in the best interest of the child. See Tex. Fam. Code Ann. § 161.001(1), (2)
(West Supp. 1999); see also D.O. v. Texas Dep't of Human Servs., 851 S.W.2d 351, 352 (Tex.
App.--Austin 1993, no writ) (citing Texas Dep't of Human Servs. v. Boyd, 727 S.W.2d 531, 533
(Tex. 1987)). In this case, the trial court found that Roderick (1) voluntarily left M.R. alone or
in the possession of another without providing adequate support and remained away for at least
six months, § 161.001(1)(C); (2) failed to support M.R. in accordance with her ability during a
period of one year ending within six months of the date of the filing of the petition,
§ 161.001(1)(F); (3) had been adjudicated to be criminally responsible for the death or serious
injury of another of her children, § 161.001(1)(L); and (4) that termination was in M.R.'s best
interest, § 161.001(2).

 In the first four issues, Roderick contends that no evidence, and alternatively,
factually insufficient evidence exists to support the trial court's first and second findings. In her
fifth issue, Roderick argues that the evidence is factually insufficient to support the trial court's
third finding. Roderick's sixth issue raises the question whether termination of parental rights can
be based solely on the best interest of the child. 


Standard of Review

 The Tabors had the burden to prove the elements necessary for termination by clear
and convincing evidence, meaning "that measure or degree of proof which will produce in the
mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be
established." In re G.M., 596 S.W.2d 846, 847 (Tex. 1980); see also D.O., 851 S.W.2d at 353. 
When both legal and factual sufficiency challenges are raised, we must first examine the legal
sufficiency of the evidence. D.O., 851 S.W.2d at 353 (citing Glover v. Texas Gen. Indem. Co.,
619 S.W.2d 400, 401 (Tex. 1981). In deciding a legal sufficiency challenge, we consider only
the evidence and inferences tending to support the finding and disregard all evidence to the
contrary. See id. (citing Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986)); Garza
v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); In re S.H.A., 728 S.W.2d 73, 90 (Tex.
App.--Dallas 1987, no writ). To review the factual sufficiency of the evidence, we consider and
weigh all of the evidence and will set aside the findings only if the evidence is so weak or the
evidence to the contrary is so overwhelming as to make it clearly wrong and unjust. See id. (citing
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986)). The clear and convincing standard of proof
required to terminate parental rights does not alter the appropriate appellate standard of review. 
See State v. Turner, 556 S.W.2d 563, 565 (Tex. 1977); D.O., 851 S.W.2d at 353.


Sufficiency of the Evidence

 In issues one through four, Roderick complains that the evidence is legally and
factually insufficient to support the trial court's finding that she voluntarily left M.R. in the
possession of the Tabors without providing adequate support and remained away for at least six
months, and that she failed to support M.R. in accordance with her ability during a period of one
year ending within six months of the date of the Tabors' filing of the petition to terminate. In
issue five, Roderick challenges the factual sufficiency of the evidence supporting the trial court's
finding that she had been adjudicated to be criminally responsible for the death or serious injury
of another of her children. We will discuss all five points of error together as we review the
evidence to see if it is legally and factually sufficient to uphold the trial court's findings.

 It is undisputed that Roderick voluntarily placed M.R. in the possession of the
Tabors and that she remained away for at least six months, even though she has expressed an
intent to return for the child. It is also undisputed that Roderick made no support payments, that
she had a drug problem, and that she was incarcerated approximately three years after M.R. was
placed in the Tabors' possession. Roderick contends that she adequately provided for M.R. by
placing her with persons who would care for her and provide for her. She argues that in the three
years prior to her incarceration, she was unable to better her situation to care for M.R. because
she was raising her other children and had a drug problem, and that since her incarceration she
has been unable to financially support M.R.


Section 161.001(1)(C)

 There are four parts to the conduct required under section 161.001(1)(C) of the
Texas Family Code: (1) voluntarily left the child; (2) alone or in the possession of another; (3)
without providing adequate support of the child; and (4) remained away for at least six months.
Roderick asserts that the Tabors failed to prove that she was financially able to support M.R.
either prior to or after her incarceration. Relying on the Texas Supreme Court's holding in Holick
v. Smith, 685 S.W.2d 18, 21 (Tex. 1985), she argues that she should not be punished by losing
her parental rights just because she has been indigent for the last eight years. However, the
holding in Holick was limited to its facts, 685 S.W.2d at 21, and the facts in this case are
distinguishable from those in Holick. Holick left her children with relatives after they offered to
take care of the children until Holick "could get on her feet." Id. at 19. While Holick did not send
money for her children's support, she did obtain employment. On the other hand, Roderick
testified that she was addicted to drugs, lived with an abusive man who dealt drugs, and that she
was unable to stop taking drugs until she was incarcerated, some three years after she left M.R.
with the Tabors. Roderick has provided no evidence that she tried to get herself back on her feet
until sometime after she was incarcerated. Therefore, we conclude that both legally and factually
sufficient evidence exists to support the trial court's finding that Roderick voluntarily left M.R.
with the Tabors without providing adequate support and remained away for a period of at least six
months.


Section 161.001(1)(F)

 Conduct described under section 161.001(1)(F) of the Texas Family Code requires 
that the parent: (1) fail to support the child in accordance with his ability; (2) during a period of 
one year ending within six months of the filing of the petition. Roderick asserts that she was
incarcerated all eighteen months prior to the filing of the Tabors' petition. Relying on this Court's
opinion in Yepma v. Stephens, 779 S.W.2d 511 (Tex. App.--Austin 1989, no writ), she argues
that there is no evidence that during those eighteen months of incarceration she was able to pay
support for M.R. We agree. The evidence is undisputed that Roderick has been incarcerated
since October 1992. The Tabors provided no evidence tending to prove that she could support
M.R. while she was incarcerated.


Section 161.001(1)(L)

 Section 161.001(1)(L) of the Texas Family Code requires that the parent: (1) have
been adjudicated to be criminally responsible; (2) for the death or serious injury; (3) of another
of her children. Roderick contends that the references in the record to the actual charge for which 
she was adjudicated and incarcerated are "scant at best and completely lacking in evidence
reaching the level of that necessary to produce a firm belief or conviction as to the truth of the
allegation. " Specifically, Roderick asserts that the evidence is "conflicted and confusing" as to
whether she was convicted of serious injury to one of her other children, as required by subsection
(1)(L), or merely injury to a child. In answering the attorney ad litem's questions at the hearing
on the termination, however, Roderick plainly testified that she pleaded guilty to either
intentionally and knowingly or recklessly causing serious bodily injury to a child. (2) We conclude
this uncontroverted testimony is factually sufficient to support the trial court's finding that she was
adjudicated to be criminally responsible for the serious injury of another of her children.

 After careful review of the record, we are persuaded that clear and convincing
evidence exists that is both legally and factually sufficient to support the trial court's finding that
Roderick voluntarily left M.R. with the Tabors without providing adequate support and remained
away for at least six months, and is factually sufficient to support the trial court's finding that
Roderick has been adjudicated to be criminally responsible for the serious injury of another of her
children. However, we do not find sufficient evidence to support the trial court's finding that
Roderick failed to support M.R. in accordance with her ability during a period of one year ending
within six months of the date of the filing of the Tabors' petition. Therefore, we sustain
Roderick's contentions raised in issues three and four. We overrule the contentions raised in
issues one, two, and five.

 Roderick argues in her sixth issue that the trial court abused its discretion in
terminating her parental rights based solely on the best interest of M.R. Roderick asserts that
because no sufficient evidence exists to support the trial court's findings that she engaged in
conduct listed in section 161.001(1)(C), (F), or (L), the trial court improperly terminated
Roderick's parental rights on the basis of the best interest of M.R. We have determined, however,
that sufficient evidence does exist to support the trial court's findings that Roderick engaged in
conduct listed in section 161.001(1)(C) and (L) of the Texas Family Code. Further, Roderick does
not challenge the trial court's finding that termination is in M.R.'s best interest under section
161.001(2). We overrule Roderick's contention in issue six.


CONCLUSION


 Because there is legally and factually sufficient evidence to support the termination
of Roderick's parental rights and termination was found to be in the child's best interest, we affirm
the trial court's decree.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Powers*

Affirmed

Filed: March 11, 1999

Do Not Publish




* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Roderick has three other children. Two siblings, born after M.R., live with M.R.'s paternal
grandmother. A third child, M.R.'s older stepsister, lives with her paternal grandmother. 
Roderick pleaded guilty to injuring one of the two children now living with M.R.'s paternal
grandmother.
2. This Court also notes that Roderick's counsel did not object to the attorney ad litem's
questions regarding her guilty pleas and convictions.



was incarcerated.


Section 161.001(1)(L)

 Section 161.001(1)(L) of the Texas Family Code requires that the parent: (1) have
been adjudicated to be criminally responsible; (2) for the death or serious injury; (3) of another
of her children. Roderick contends that the references in the record to the actual charge for which 
she was adjudicated and incarcerated are "scant at best and completely lacking in evidence
reaching the level of that necessary to produce a firm belief or conviction as to the truth of the
allegation. " Specifically, Roderick asserts that the evidence is "conflicted and confusing" as to
whether she was convicted of serious injury to one of her other children, as required by subsection
(1)(L), or merely injury to a child. In answering the attorney ad litem's questions at the hearing
on the termination, however, Roderick plainly testified that she pleaded guilty to either
intentionally and knowingly or recklessly causing serious bodily injury to a child. (2) We conclude
this uncontroverted testimony is factually sufficient to support the trial court's finding that she was
adjudicated to be criminally responsible for the serious injury of another of her children.

 After careful review of the record, we are persuaded that clear and convincing
evidence exists that is both legally and factually sufficient to support the trial court's finding that
Roderick voluntarily left M.R. with the Tabors without providing adequate support and remained
away for at least six months, and is factually sufficient to support the trial court's finding that
Roderick has been adjudicated to be criminally responsible for the serious injury of another of her
children. However, we do not find sufficient evidence to support the trial court's finding that
Roderick failed to support M.R. in accordance with her ability during a period of one year ending
within six months of the date of the filing of the Tabors' petition. Therefore, we sustain
Roderick's contentions raised in issues three and four. We overrule the contentions raised in
issues one, two, and five.

 Roderick argues in her sixth issue that the trial court abused its discretion in
terminating her parental rights based solely on the best interest of M.R. Roderick asserts that
because no sufficient evidence exists to support the trial court's findings that she engaged in
conduct listed in section 161.001(1)(C), (F), or (L), the trial court improperly terminated
Roderick's parental rights on the basis of the best interest of M.R. We have determined, however,
that sufficient evidence does exist to support the trial court's findings that Roderick engaged in
conduct listed in section 161.001(1)(C) and (L) of the Texas Family Code. Further, Roderick does
not challenge the trial court's finding that termination is in M.R.'s best interest under section
161.001(2). We overrule Roderick's contention in issue six.


CONCLUSION


 Because there is legally and factually sufficient evidence to support the termination
of Roderick's parental rights and termination was found to be in the child's best interest, we affirm
the trial court's decree.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Powers*

Affirmed

Filed: March 11, 1999

Do Not Publish