11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In the Interest of C.M.C., W.K.D., Jr., &
K.V.D., children

No.  11-02-00270-CV C Appeal from Palo Pinto County

 

W.K.D.,
Jr. and K.V.D. are the biological children of Wesley Keith Davidson, Sr.  The trial court entered an order terminating
Davidson=s 
parental rights to his two children and granting the adoption of them by
their stepfather.[1]  Davidson 
appeals from the trial court=s order terminating his parental rights to W.K.D. and K.V.D., Jr.  We affirm.

Davidson
and the mother of W.K.D., Jr. and K.V.D. were divorced on November 3,
1999.  Davidson was ordered to pay $270
per month for support of the children beginning December 1, 1999.  The trial court found that Davidson had
failed to pay any child support.  The
original petition to terminate Davidson=s parental rights to W.K.D., Jr. and K.V.D. was filed on November 2,
2001.  The trial court found that
Davidson failed to support the children in accordance with his ability during a
period of one year ending within six months of the date of the filing of the
petition for termination.  TEX. FAM.
CODE ANN. ' 161.001(1)(F) (Vernon 2002).

In his
sole issue on appeal, Davidson argues that there is no evidence that he had the
ability to support his children during a one year period ending within six
months of the date the petition to terminate his parental rights was filed. In
reviewing a challenge to the legal sufficiency of the evidence, we consider
only the evidence and inferences that tend to support the finding of the trier
of fact and disregard all evidence and inferences to the contrary.  See Sherman v. First National Bank in
Center, Texas, 760 S.W.2d 240 (Tex.1988); In the Interest of Z.W.C., 856 S.W.2d
281 (Tex.App. - Fort Worth 1993, no writ). We must affirm the judgment if there
is any probative evidence supporting the judgment.  Jacobs v. Danny Darby Real Estate, Inc., 750 S.W.2d 174
(Tex.1988); Yepma v. Stephens, 779 S.W.2d 511 (Tex.App. - Austin 1989, no writ).








The
original petition for termination was filed on November 2, 2001.  Therefore, the evidence must show that
Davidson did not support W.K.D., Jr. and K.V.D. for one year beginning no
earlier than May 2, 2000.  Section
161.001(1)(F); In the Interest of Z.W.C., supra. In its findings of fact and
conclusions of law, the trial court found that appellant was incarcerated
August 2000 through October 2000; January 2001 through April 2001; and August
2001 through the date of the hearing, May 28, 2002.  Davidson argues that, because he was incarcerated much of the
time between May 2, 2000, and November 2, 2001, there is no evidence that he
had the ability to pay child support during this time.  

Davidson
cites In the Interest of Z.W.C. as authority.  In In the Interest of Z.W.C., the court  noted that the record was silent as to the
father=s ability to pay child support during the
periods  of time he was not
incarcerated.  Davidson also cites Yepma
v. Stephens, supra, as authority.  In Yepma,
the court noted that less than six months of the period of nonsupport found by
the trial court fell within the required time limits.  Yepma v. Stephens, supra. 
The court also stated that the father in that case was incarcerated for
more than 12 months of the relevant time period.  Yepma v. Stephens, supra. 
The court stated that the father was unable to provide support during
the time he was incarcerated but did not indicate whether he was able to pay
support in the few months that he was not incarcerated.  Yepma v. Stephens, supra.  

However,
in the present case, the trial court found that Davidson had the ability to
support his children May through July 2000, November and December 2000,
and  May 2001 through August 2001.  Davidson testified at the hearing that, in
April 2000 through August 2000, he lived in Nevada and did janitorial
work.  From April 2001 through July
2001, he worked  for his brother.  During that time, Davidson was able to get
his own apartment and pay insurance on his pickup.  Inability to provide support during some months will not
interrupt the running of the one year period if no effort is made to pay
support during the other months.  In the
Interest of S.K.S., 648 S.W.2d 402 (Tex.App. - San Antonio 1983, no writ);
McGowen v. State, 558 S.W.2d 561 (Tex.Civ.App. - Houston [14th Dist.] 1977,
writ ref=d n.r.e.); see also Brazier v. Brazier, 597
S.W.2d 442 (Tex.Civ.App. - Beaumont 1980, no writ).  We find that the evidence is legally sufficient to support the
trial court=s findings. 
Davidson=s sole issue on appeal is overruled.

 








The
judgment of the trial court is affirmed.

 

PER
CURIAM

 

March 6, 2003

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]The trial court=s
order also grants the adoption of C.M.C. by his stepmother.  C.M.C. is not the biological child of
Davidson, and the order granting the adoption of C.M.C. is not the subject of
this appeal.