In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-468 CV


____________________



IN THE INTEREST OF C.E.V., a child






On Appeal from the 317th District Court


Jefferson County, Texas


Trial Cause No. C-187,530






MEMORANDUM OPINION


 This is a parental rights termination case. Christy Lynn Brown and her husband,
Kenneth Lee Brown, filed a Petition for Termination and Adoption of Stepchild against
Richard Edward Vasquez, the biological father of Christy's child, C.E.V. The Browns
sought termination of Vasquez's parent-child relationship with his daughter on the grounds
that he: 

 (1) engaged in conduct or knowingly placed the child with persons who
engaged in conduct that endangered the physical or emotional well-being of
the child; 


 (2) failed to support the child in accordance with his ability during a
period of one year ending within six months of the date of the filing of the
petition; and 


 (3) knowingly engaged in criminal conduct that resulted in his
conviction of an offense and confinement or imprisonment and inability to care
for the child for not less than two years from the date of the filing of the
petition.


See Tex. Fam. Code Ann. § 161.001(1)(E), (F), and (Q) (Vernon 2002). The trial court
found the latter two, as alleged in the petition. However, the trial court did not find conduct
endangerment in accordance with the first allegation, and subsection (E), but found Vasquez
"knowingly placed or knowingly allowed the child to remain in conditions or surroundings
that endanger the physical or emotional well-being of the child," per subsection (D). The
trial court further found termination was in the best interest of C.E.V. and ordered Vasquez's
parental rights terminated. From that order, Vasquez appeals.

 A court may order involuntary termination if the court finds (1) a parent has
committed one of a statutory list of acts or omissions, and (2) termination is in the best
interest of the child. Tex. Fam. Code Ann. § 161.001 (Vernon 2002). The trial court's
findings must be based on clear and convincing evidence. Id.; In re B.L.D., 113 S.W.3d 340,
353-54 (Tex. 2003), cert. denied, ___ U.S. ___, 124 S.Ct. 1674, 158 L.Ed.2d 371 (2004). 
In points of error one through five, Vasquez challenges the sufficiency of the evidence to
support the trial court's findings. We must determine whether the evidence is such that a
factfinder could reasonably form a firm belief or conviction about the truth of the matter on
which the State bears the burden of proof. See In re J.F.C., 96 S.W.3d 256, 265-66 (Tex.
2002); and In re C.H., 89 S.W.3d 17, 25 (Tex. 2002).

 When reviewing the legal sufficiency of the evidence, an appellate court looks at the
evidence in the light most favorable to the finding. In re J.F.C., 96 S.W.3d at 266. In the
"clear and convincing" context, this means we must assume that the factfinder resolved
disputed facts in favor of the finding, if a reasonable factfinder could do so. Id. We must
disregard all evidence that a reasonable factfinder could have disbelieved or found incredible,
but undisputed facts cannot be disregarded. Id.

 When reviewing the factual sufficiency of the evidence, we must give due
consideration to any evidence the factfinder could reasonably have found to be clear and
convincing. Id. The evidence is factually insufficient if, "in light of the entire record, the
disputed evidence that a reasonable factfinder could not have credited in favor of the finding
is so significant that a factfinder could not reasonably have formed a firm belief or
conviction." Id.

 Vasquez challenges the legal and factual sufficiency of the evidence to support the
trial court's finding that he knowingly placed or knowingly allowed C.E.V. to remain in
conditions or surroundings endangering her physical or emotional well-being. That finding
by the trial court cannot support the decree of termination as that ground was not pleaded in
the Browns' petition. Under section 161.001(1)(D) it is a basis for termination, but must
have been pleaded to support the trial court's judgment. See In the Interest of B.B., 971
S.W.2d 160, 163 (Tex. App.--Beaumont 1998, pet. denied); Tex. Fam. Code Ann. §
102.008(b)(10) (Vernon 2002).

 Vasquez further contests the legal sufficiency of the evidence to support the trial
court's finding of failure to support. Vasquez argues he was never ordered to pay child
support; he attempted to support the child through alternative methods such as clothing, a
Christmas ornament, a card, and letters; he was prevented by two protective orders from
contacting Christy Brown; and he supported his son by paying child support through January
1999. Vasquez also complains he was incarcerated and had no means of support. 

 Although the evidence establishes Vasquez failed to support the child during the
relevant period, the statute also requires evidence establishing the parent had the ability to
pay child support during that relevant period. See Yepma v. Stephens, 779 S.W.2d 511, 512
(Tex. App.--Austin 1989, no pet.). Vasquez asserts he was unable to provide such support
while incarcerated. The record reflects that Vasquez has been incarcerated, on a ten-year
sentence, since the petition was filed. Appellees point out that another child of Vasquez's
has received child support payments while he has been incarcerated. They argue this
establishes he had the ability to support C.E.V. However, Vasquez testified he did not make
those payments, that he has not made any payments since being incarcerated, and they must
have been made by his mother. 

 Appellees do not direct this court to any evidence in the record demonstrating
Vasquez's ability to pay child support while he has been incarcerated. Thus, appellees did
not meet their burden of proving, by clear and convincing evidence, that Vasquez failed to
support C.E.V. in accordance with his ability. See In the Interest of Z.W.C., 856 S.W.2d 281,
283 (Tex. App.--Fort Worth 1993, no pet.). Accordingly, the trial court's finding on failure
to support cannot support the decree of termination.

 Vasquez also disputes the trial court's finding that he knowingly engaged in criminal
conduct resulting in his conviction and imprisonment and inability to care for C.E.V. The
record reflects that Vasquez is serving a sentence of ten years' imprisonment which
commenced on May 24, 1999. Vasquez does not contest he "knowingly" engaged in the
conduct which resulted in his conviction and confinement. Vasquez only asserts appellees
have failed to establish his inability to care for C.E.V. 

 Once it has been established that a parent's knowing criminal conduct resulted in his
incarceration for more than two years, the parent must produce some evidence as to how he
would provide or arrange to provide care for the child during that period. See In re
Caballero, 53 S.W.3d 391, 396 (Tex. App.--Amarillo 2001, pet. denied ); In the Interest of
E.S.S., 131 S.W.3d 632, 639 (Tex. App.--Fort Worth 2004, no pet.). The party seeking
termination would then have the burden of persuasion that the arrangement would not satisfy
the parent's duty to the child. See Caballero, 53 S.W.3d at 396. 

 The only evidence Vasquez refers to regards attempts by his mother to visit C.E.V.
Christy testified that Vasquez's mother has not visited C.E.V. since the fall of 2000. 
Vasquez does not refer this court to any evidence that his mother could and would provide
care for C.E.V. during his incarceration, and appellees had no burden to disprove her
capacity to care for C.E.V. See id. We conclude the trial court's finding that Vasquez's
conviction resulted in his inability to care for C.E.V. is supported by clear and convincing
evidence; therefore that finding supports the decree of termination.

 Vasquez also contends the evidence is insufficient to support the trial court's
determination that termination is in the bests interests of the child. 

 An extended number of factors have been considered by the courts in
ascertaining the best interest of the child. Included among these are the
following: (A) the desires of the child; (B) the emotional and physical needs
of the child now and in the future; (C) the emotional and physical danger to the
child now and in the future; (D) the parental abilities of the individuals seeking
custody; (E) the programs available to assist these individuals to promote the
best interest of the child; (F) the plans for the child by these individuals or by
the agency seeking custody; (G) the stability of the home or proposed
placement; (H) the acts or omissions of the parent which may indicate that the
existing parent-child relationship is not a proper one; and (I) any excuse for the
acts or omissions of the parent. This listing is by no means exhaustive, but
does indicate a number of considerations which either have been or would
appear to be pertinent.


Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976) (footnotes omitted). We now address
these factors as they relate to the evidence in the record.

 Kenneth Brown testified C.E.V. calls him daddy and that she told him she wants him
to be her daddy, although she knows Vasquez is her real daddy. Kenneth Brown works as
a Project Supervisor for Anderson Scaffolding, where he has been employed for the last four
years. Kenneth had been in trouble with the law. He was arrested for unauthorized use of
a motor vehicle in 1989 and arrested for burglary a month later. He was placed on probation,
which was revoked for distribution of drugs. At that time he went to prison for four years,
but was paroled after two. Kenneth was never arrested for assault on women. Kenneth
admitted responsibility for his actions and would not commit those crimes if he had the
opportunity to live life over again. Kenneth and Christy moved in together in 2000 and
C.E.V. has been with them since then. Kenneth wants to adopt C.E.V. Kenneth and Christy
have been married since September of 2001. Kenneth has a son by a prior marriage and he
has had custody since the child was three. Kenneth and Christy also have a child together. 
 In November of 1995, Vasquez was indicted for burglary of a habitation; the
underlying felony was aggravated assault on Brandi Eichler, his former girlfriend. He was
placed on probation for that case. Vasquez later pleaded guilty, on March 27, 1996, to
aggravated assault against Eichler. He was placed on probation for four years. A motion
was filed to revoke April 29, 1996, alleging Vasquez had threatened Eichler's life. 

 Christy testified that she sought medical treatment on at least three occasions during
her pregnancy with C.E.V. as a result of being assaulted by Vasquez. She testified that
during her pregnancy, Vasquez hit her in the stomach, knowing she was pregnant. 

 Vasquez has been arrested three times in the City of Groves, twice for assault/family
violence and once for a probation violation. One of the assaults, on September 3, 1998, was
against Christy and Vasquez was convicted for that assault. A motion to revoke was filed
that September. A complaint was filed by Christy for an assault on December 12, 1998. 
Vasquez was arrested again on February 27 for assault/family violence. He was charged with
injury to a child, C.E.V. pursuant to that incident. Those charges were dropped when
Vasquez pleaded guilty to aggravated assault of Christy. Another motion to revoke was filed
and at that time the trial court actually revoked his probation and sentenced Vasquez to ten
years' confinement. Vasquez had been enrolled in anger management programs sometime
prior to the last assault on Christy.

 C.E.V. has expressed a desire for Kenneth to be her daddy. The emotional and
physical needs of C.E.V. are currently being met by Kenneth and will be in the future since
Vasquez has served only four years of a ten year sentence. Vasquez's history of violence
against Christy and other women presents emotional and physical dangers to C.E.V. now and
in the future. The evidence regarding Kenneth does not suggest he lacks parenting abilities
and he wishes to adopt C.E.V. The evidence indicates Kenneth's and Christy's home is
stable and C.E.V. has lived there for four years, with a stepbrother and half-sister. Vasquez
repeatedly violated his probation, subjecting himself to imprisonment and removal from
C.E.V.'s life. Vasquez's only excuse is his drinking and he points to the efforts he has made
in prison to become sober, learn a trade, and manage his anger.

 A review of the factors reveals only evidence indicating termination is in the best
interest of the child. There is no evidence that termination of the parent-child relationship
is not in the best interest of C.E.V.

 Having found there is clear and convincing evidence to support the trial court's
finding of one of the enumerated acts or omissions under section 161.001(1), and to support
the trial court's finding termination is in the best interest of the child, C.E.V., we affirm the
judgment of the trial court.

 AFFIRMED.


 PER CURIAM


Submitted on August 2, 2004

Opinion Delivered August 26, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.