**Affirmed and Memorandum Opinion filed March 26, 2026.**



In The

# Fifteenth Court of Appeals

---

### NO. 15-25-00166-CV

---

### CARRIE HANSON, Appellant

### V.

### LACYE GARZA, Appellee

---

### On Appeal from the 119th District Court
### Runnels County, Texas
### Trial Court Cause No. 940

---

### MEMORANDUM OPINION

Appellant Carrie Hanson appeals from the trial court's order of termination, rendered after a bench trial, which terminated her parental rights to her two children.[1] In two issues on appeal, Hanson asserts that the evidence is legally and factually insufficient to support the trial court's findings that a statutory ground for

---

[1] The trial court also terminated the parental rights of both of the children's biological fathers. The fathers have not appealed the order of termination and thus are not parties to these appellate proceedings.

termination exists—specifically, under Subsection (F) of Section 161.001(b)(1) of the Texas Family Code—and that termination of her parental rights is in the children's best interest. *See* Tex. Fam. Code § 161.001(b)(1)(F), (2). We affirm the trial court's order of termination.

## BACKGROUND

The Texas Department of Family and Protective Services filed suit against Hanson in 2017 due to her alleged drug use. When the children were removed from Hanson's home, they were temporarily placed with Layce Garza, the cousin of one child's biological father. The trial court entered an order in 2019 pursuant to a Rule 11 agreement between the parties. The order required Hanson to pay Garza child support for the two children of $225.28 per month and named Garza a joint managing conservator for the children with the exclusive right to designate their residence.[2]

Garza filed a petition to terminate Hanson's parental rights in 2021, and the final hearing on Garza's petition was conducted on August 28, 2025. Two witnesses testified at the hearing, Garza and Hanson. Garza testified that the children, ages 8 and 10 at the time of trial, have lived exclusively with her for over seven years; she intends to adopt the children once the termination is final; and the children do not have a relationship with Hanson. In addition, Garza testified that at the time of trial, Hanson had made no child-support payments and had failed to exercise her visitation rights to the children since 2020.

In her testimony, Hanson acknowledged that she has "screwed up" and has used illegal drugs in the past but that she doesn't believe that she "should be completely taken out of [the children's] lives." Hanson also explained that she is not allowed to visit the children without permission from MHMR (her local mental

---

[2] Garza and the biological grandmother of the children were initially appointed joint managing conservators. The trial court later appointed Garza sole managing conservator of the children.

2

health services provider), where she receives treatment, and a clean drug test, which she testified she cannot afford. According to Hanson's testimony, she has received $700 per month in Social Security Disability benefits for at least the past 15 years due to her mental health condition, schizophrenia, for which she takes multiple medications. Hanson is also allowed to work up to 15 hours per week, but although she has applied for one job, she has not worked. On cross-examination, Hanson admitted that she was arrested in 2025 for possession of a controlled substance but explained that the arrest stemmed from an incident with an ex-boyfriend that occurred three years prior, before she left Texas for New Mexico.

After considering the testimony and evidence submitted by the parties, the trial court rendered judgment terminating Hanson's parental rights. In its order of termination, the trial court found that Hanson had failed to support the children in accordance with her ability during a period of one-year ending within six months of the date of filing of the petition and that termination of Hanson's parental rights was in the best interest of the children. *See* Tex. Fam. Code § 161.001(b)(1)(F), (2). Hanson then timely filed this appeal.

## STANDARD OF REVIEW

"Proceedings to terminate the parent-child relationship implicate rights of constitutional magnitude that qualify for heightened judicial protection." *In re A.C.*, 560 S.W.3d 624, 626 (Tex. 2018). Consequently, under state law, the trial court may order termination of the parent-child relationship only "if clear and convincing evidence supports that a parent engaged in one or more of the [statutorily] enumerated grounds for termination and that termination is in the best interest of the child." *In re N.G.*, 577 S.W.3d 230, 232 (Tex. 2019) (per curiam); *see also A.C. v. Tex. Dep't of Fam. & Protective Servs.*, 577 S.W.3d 689, 697 (Tex. App.—Austin 2019, pet. denied). "Because termination of parental rights 'is complete, final,

3

irrevocable and divests for all time' the natural and legal rights between parent and child, a court cannot involuntarily sever that relationship absent evidence sufficient to 'produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *A.C.*, 560 S.W.3d at 630 (quoting Tex. Fam. Code § 101.007 and *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985)). "This heightened proof standard carries the weight and gravity due process requires to protect the fundamental rights at stake." *Id.*

"A correspondingly searching standard of appellate review is an essential procedural adjunct." *Id.* "The distinction between legal and factual sufficiency lies in the extent to which disputed evidence contrary to a finding may be considered." *Id.* "Evidence is legally sufficient if, viewing all the evidence in the light most favorable to the fact-finding and considering undisputed contrary evidence, a reasonable factfinder could form a firm belief or conviction that the finding was true." *Id.* at 631. "Factual sufficiency, in comparison, requires weighing disputed evidence contrary to the finding against all the evidence favoring the finding." *Id.* "In a factual-sufficiency review, the appellate court must consider whether disputed evidence is such that a reasonable factfinder could not have resolved it in favor of the finding." *Id.* "Evidence is factually insufficient if, in light of the entire record, the disputed evidence a reasonable factfinder could not have credited in favor of a finding is so significant that the factfinder could not have formed a firm belief or conviction that the finding was true." *Id.*

**ANALYSIS**

*Failure to Support*

In her first issue on appeal, Hanson asserts that the evidence is insufficient to support the trial court's finding that the predicate ground for termination exists under Family Code Section 161.001(b)(1), Subsection (F).

4

Subsection (F) permits termination of parental rights only on clear and convincing evidence that a parent failed to support her children in accordance with her ability during a period of one year ending within six months of the date of filing the petition for termination. *S.B. v. Tex. Dept. of Fam. & Protective Servs.*, 654 S.W.3d 246, 256 (Tex. App.—Austin 2022, pet. denied).[3]  Under this provision, "one year" means 12 consecutive months, and "[t]he party seeking termination has the burden to establish that the parent" obligated to provide support, Hanson here, "had the ability to support the child financially during each month of the 12-month period." *Id.* at 257 (citing *In re T.B.D.*, 223 S.W.3d 515, 518 (Tex. App.—Amarillo 2006, no pet.)).

In this case, because Garza filed her petition to terminate Hanson's parental rights on July 2, 2021, the relevant 12-month period under Subsection (F) began no earlier than January 2, 2020.  *See Yepma v. Stephens*, 779 S.W.2d 511, 512 (Tex. App.—Austin 1989, no writ) (illustrating calculation of relevant time period).  The undisputed evidence presented at the final hearing, previously discussed, established that (1) in 2019, Hanson was ordered to pay $225.28 in child support; (2) since that time, including during each month of the relevant 12-month time period, Hanson made no child-support payments to Garza; and (3) during that same time period, Hanson received $700 in monthly disability benefits and had the ability to work 15 hours per week but did not do so.[4]

On appeal, Hanson claims she cannot afford to make her child-support

---

[3] The Court received this appeal as part of a transfer order from the Supreme Court for docket equalization.  As a result, this Court is required to apply precedent from the appellate court from which this case was transferred, the Third Court of Appeals.  Tex. R. App. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251, 255–56 (Tex. 2022).

[4] Hanson testified that since moving back to Texas, she has had to pay rent to live with her family.  But Hanson did not have that rent obligation until after the relevant time period, when she moved back to Texas, just before trial in 2025.

payment, but there is no evidence in the record to support this contention. Instead, the record demonstrates that Hanson has received $700 per month uninterrupted for at least the last 15 years and lived on her own prior to moving back to Texas just before trial in August 2025. Hanson also admitted she gives the children money for their birthdays. Moreover, although it was Garza's burden to prove that Hanson had the ability to pay child support during the relevant time period, that does not mean Garza had to provide detailed proof of Hanson's finances and expenses during that time frame. Rather, Garza was required only to demonstrate that Hanson had sufficient sources of funds from which to support her children, not to disprove Hanson's contention she could not financially support herself and her children at the same time. Although Hanson asserts that the evidence showed she was barely able to live, the only proof she provided at the hearing were broad generalizations in her testimony that "I have to live, too" and that she could not afford to pay support. *See, e.g.*, *In re N.G.G.*, No. 05-16-01084-CV, 2017 WL 655953, at *5 (Tex. App.—Dallas Feb. 17, 2017, pet. denied) (mem. op.) (affirming termination under Subsection (F) where petitioner proved sources of funds were sufficient to cover support obligation); *In re D.M.D.*, 363 S.W.3d 916, 921 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (affirming termination under Subsection (F) where appellant received disability benefits greater than child-support obligation and frequently gave items to children as substitute for support obligation). The trial court, as the arbiter of the facts, was free to disregard Hanson's unsupported contentions in favor of evidence suggesting that she had the ability to financially support her children but failed to do so.

Based on the record before us, under the applicable standards of review, we conclude that the evidence is factually and legally sufficient to support the trial court's finding that Hanson failed to support her children in accordance with her ability during a period of one year ending within six months of the date of filing of

6

the petition for termination and that, consequently, termination of parental rights is warranted under Subsection (F). We overrule Hanson's first issue on appeal.

*Best Interest of the Children*

In her second issue on appeal, Hanson contends that the evidence is insufficient to support the trial court's finding that termination of Hanson's parental rights is in the children's best interest. *See* Tex. Fam. Code § 161.001(b)(2).

In evaluating whether evidence supports a factfinder's best-interest finding, we consider the factors outlined by the Texas Supreme Court in *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These factors include the child's wishes, the child's emotional and physical needs now and in the future, any emotional or physical danger to the child now or in the future, the parenting ability of the parties, programs available to help the parties, plans for the child, the stability of any proposed placement, any evidence that the parent-child relationship is improper, and any excuses for the parent's conduct. *Id.*; *S.B.*, 654 S.W.3d at 255. This set of factors is not exhaustive, and in some instances, evidence of a single factor may support the best-interest finding. *Holley*, 544 S.W.3d at 372. Proof concerning the statutory predicate under section 161.001(b)(1) does not relieve the petitioner of proving that termination is in the best interest of the child, but "the same evidence may be probative of both issues." *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002).

In considering the children's emotional and physical needs and any risks to them now and in the future, "it is well settled that stability and permanence are paramount considerations in evaluating the needs of a child." *S.B.*, 654 S.W.3d at 255. The children in this case, who were ages 8 and 10 at the time of trial, have lived exclusively with Garza for over seven years and have bonded with Garza's two biological children, whom they consider siblings. Garza intends to adopt the children after Hanson's parental rights are terminated. Hanson does not dispute that

the children are well taken care of by Garza and that Garza provides them a stable environment, testifying that Garza is "great with" the children.

Juxtaposed with this evidence of stability and permanence, the evidence at trial indicated that upon returning from New Mexico to Texas before trial, Hanson was arrested on drug charges based on conduct that had occurred prior to her leaving Texas. She is also under the care of MHMR for schizophrenia and now lives with her adult daughters. Hanson testified that she has not been able to provide financial support for the children and claims she also cannot afford a drug test which would allow her to visit the children. She has not exercised formal visitation with the children at any time, and Garza testified the children do not know Hanson. Hanson disputes that fact, contending she has seen the children in passing in the community, but she does not dispute her lack of formal visitation, failure to pay support, past drug use and associated arrest, and treatment for mental health issues through MHMR.

Under *Holley*, we must consider any excuses presented by Hanson that contradict the conclusion that termination is in the children's best interest, and Hanson testified that many of her problems are the result of her not being able to afford support or her drug tests. A parent's financial hardships alone are not a sufficient reason to justify termination. *See* Tex. Fam. Code § 161.001(c)(2). Nevertheless, the record reflects Hanson received sufficient funds on a monthly basis from which to provide support to the children, which Hanson has never done. There is no evidence Hanson has sought part-time employment, as she is allowed to do, other than her testimony that she applied for one job. And the record reflects no efforts by Hanson to modify the underlying order in the SAPCR to allow her to seek more affordable drug testing, rather than a nail test, which she contends makes it prohibitively expensive to see her children. The trial court was free to conclude that Hanson's limitations did not excuse her conduct or change the fact that the children

8

are living stable and healthy lives with Garza.

Considering all the evidence in the light most favorable to the best-interest finding, and considering undisputed contrary evidence, we conclude "a reasonable factfinder could form a firm belief or conviction" that termination of Hanson's parental rights is in the children's best interest. *See A.C.*, 560 S.W.3d at 630–31. In addition, viewing all evidence in a neutral light and weighing all the evidence, we conclude that the disputed evidence that a reasonable factfinder could not have credited in favor of the best-interest finding is not so significant that the factfinder could not have formed a firm belief or conviction that termination of Hanson's parental right was in the children's best interest. *See id.* at 631. We overrule Hanson's second issue on appeal.

## CONCLUSION

Having overruled all of Hanson's appellate issues, we affirm the trial court's order of termination.

/s/ Scott K. Field
Scott K. Field
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.

9