

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00083-CV

_____

IN THE INTEREST OF N.G.J., A CHILD

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 80639

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

After a brief hearing,[1] D.J.J.'s parental rights to his two-year-old daughter, N.G.J., were terminated in a private action in which D.J.J.[2] represented himself. On appeal, D.J.J. contends the evidence is legally and factually insufficient to support either ground for termination and is likewise insufficient to support the best-interest determination.

One basis found to support termination was the failure of D.J.J. to support N.G.J. in accordance with D.J.J.'s ability during a period of one year ending within six months of the date of filing the petition. *See* TEX. FAM. CODE ANN. § 161.001(1)(F) (West 2014). The other ostensible basis found to support termination was D.J.J.'s purported use of a controlled substance in violation of Chapter 481 of the Texas Health and Safety Code,[3] which alone is not a ground for termination. In the interests of justice, we will interpret the latter as a finding that the evidence established ground P, the statutory ground authorizing termination based on drug use. *See* TEX. FAM. CODE ANN. § 161.001(1)(P) (West 2014). Because legally sufficient evidence fails to support either of the statutory bases found to justify termination, we reverse the judgment of the trial court and render judgment denying termination of D.J.J.'s parental rights to N.G.J.[4]

---

[1]The record of the termination proceeding is a mere fifteen pages in length. D.J.J.'s former girlfriend, S.G., was the petitioner and was represented by counsel. S.G. testified that N.G.J. was their child, and it was her desire to have D.J.J.'s parental rights terminated. N.G.J. was almost three years old at the time of the hearing, having lived with S.G. since the time of her birth. S.G. testified that she lived in Greenville with her father.

[2]In keeping with the spirit of Section 109.002(d) of the Texas Family Code and Rule 9.8 of the Texas Rules of Appellate Procedure and in an effort to protect the identity of the minor child who is the subject of this appeal, we will refer to the parties by their initials. *See* TEX. R. APP. P. 9.8; TEX. FAM. CODE ANN. § 109.002(d) (West 2014).

[3]The mother's petition for termination alleged, in this regard, merely that D.J.J. uses and sells cocaine.

[4]D.J.J. was not warned by the trial court of the dangers of self-representation during the termination proceeding, which implicates rights of constitutional dimension. *See In re C.L.S.*, 403 S.W.3d 15, 21 (Tex. App.—Houston [1st

"The natural right existing between parents and their children is of constitutional dimensions." *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Indeed, parents have a fundamental right to make decisions concerning "the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). "Because the termination of parental rights implicates fundamental interests, a higher standard of proof—clear and convincing evidence—is required at trial." *In re A.B.*, 437 S.W.3d 498, 502 (Tex. 2014). This Court is therefore required to "engage in an exacting review of the entire record to determine if the evidence is [] sufficient to support the termination of parental rights." *Id.* at 500. "'[I]nvoluntary termination statutes are strictly construed in favor of the parent.'" *In re S.K.A.*, 236 S.W.3d 875, 900 (Tex. App.—Texarkana 2007, pet. denied) (quoting *Holick*, 685 S.W.2d at 20).

In order to terminate parental rights, the trial court must find, by clear and convincing evidence, that the parent has engaged in at least one statutory ground for termination and that

---

Dist.] 2012, pet. denied). The United States Supreme Court has recognized that even a private termination proceeding involves state action. *See M.L.B. v. S.L.J.*, 519 U.S. 102, 117 n.8 (1996). "Few consequences of judicial action are so grave as the severance of natural family ties." *Id*. at 103. The Supreme Court thus "places termination of parental rights cases in the same category as criminal cases and analogizes a parent losing parental rights to 'a defendant resisting criminal conviction' because both seek 'to be spared from the State's devastatingly adverse action.'" *C.L.S.*, 403 S.W.3d at 20 (quoting *M.L.B.*, 519 U.S. at 125). In recognition of this analysis, and in light of the fact that *Faretta v. California*, 422 U.S. 806 (1975), "protects the right to counsel, not merely the right to appointed counsel," *C.L.S.*, 403 S.W.3d at 21 (citing *Parker v. State*, 545 S.W.2d 151, 155 (Tex. Crim. App. 1977)), *C.L.S.* held that, "before a parent is permitted to represent himself pro se, the record should show that the trial judge informed him "'that there are technical rules of evidence and procedure, and that he will not be given any special consideration simply because he has asserted his right of self-representation.'" *C.L.S.*, 403 S.W.3d at 21 (quoting *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008)).

D.J.J. filed a pro se notice of appeal of the order terminating his parental rights. Contemporaneously with his pro se notice of appeal, D.J.J. also filed a motion seeking the appointment of appellate counsel, claiming that he lacked the financial means to retain counsel on his own. In light of the significant constitutional rights at issue in this appeal, we abated this matter to the trial court to conduct a hearing to determine whether D.J.J. was indigent and, if so, whether counsel should be appointed to represent D.J.J. on appeal.

The trial court thereafter conducted a hearing and determined that D.J.J. was indigent and, in the interests of justice, appointed D.J.J. an attorney to represent him on appeal. *See* TEX. FAM. CODE ANN. § 107.021(a) (West 2014); *see In re J.C.*, 250 S.W.3d 486 (Tex. App.—Fort Worth 2008, pet. denied) (appeal of private termination order abated to trial court to consider discretionary appointment of counsel).

termination is in the child's best interest. TEX. FAM. CODE ANN. § 161.001 (West 2014); *see In re E.N.C.*, 384 S.W.3d 796, 798 (Tex. 2012). Clear and convincing evidence is that "degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014); *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). This standard of proof necessarily affects our review of the evidence.

In our legal sufficiency review, we consider all the evidence in the light most favorable to the findings to determine whether the fact-finder could reasonably have formed a firm belief or conviction that the grounds for termination were proven. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (per curiam); *In re J.L.B.*, 349 S.W.3d 836, 846 (Tex. App.—Texarkana 2011, no pet.). We assume the trial court, acting as fact-finder, resolved disputed facts in favor of the finding if a reasonable fact-finder could do so, and disregarded evidence that the fact-finder could have reasonably disbelieved. *J.P.B.*, 180 S.W.3d at 573.

Despite the profound constitutional interests at stake in a proceeding to terminate parental rights, "'the rights of natural parents are not absolute; protection of the child is paramount.'" *In re A.V.*, 113 S.W.3d 355, 361 (Tex. 2003) (quoting *In re J.W.T.*, 872 S.W.2d 189, 195 (Tex. 1994)); *see In re M.S.*, 115 S.W.3d 534, 547 (Tex. 2003). "A child's emotional and physical interests must not be sacrificed merely to preserve parental rights." *In re C.A.J.*, No. 06-14-00089-CV, 2015 WL 832211, at *2 (Tex. App.—Texarkana Feb. 27, 2015, no pet. h.) (citing *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002)).

*(1)     Legally Sufficient Evidence Fails to Statutorily Support Termination for Nonsupport*

According to S.G., D.J.J. was required by court order[5] to pay child support for N.G.J. in the amount of $150.00 per month, but he never paid any amount to support N.G.J.   S.G. and N.G.J. lived with D.J.J. during 2013, but S.G. testified that D.J.J. did not help support N.G.J. during that time. S.G. further testified that D.J.J. has sold cocaine, and she knew that because she "used to be around him."   D.J.J. was adamant in his testimony that he never sold cocaine, although he admitted that he used cocaine in the past, as had S.G.[6]

The trial court found that D.J.J. failed to "support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition." *See* TEX. FAM. CODE ANN. § 161.001(1)(F).   "'One year means twelve consecutive months, and the ability to pay support must exist each month during the twelve-month period.'" *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (quoting *In re Z.W.C.*, 856 S.W.2d 281, 283 (Tex. App.—Fort Worth 1993, no writ)); *In re R.M.*, 180 S.W.3d 874, 878 (Tex. App.— Texarkana 2005, no pet.).   This twelve-month period of nonsupport and ability to pay begins no earlier than eighteen months before the date of the filing of the petition to terminate. *E.M.E.*, 234 S.W.3d at 72.   Given that S.G. filed her petition April 24, 2014, we must determine whether the

---

[5]While S.G. attached a copy of the purported order to her brief on appeal, it is not part of the record and cannot be considered.

[6]S.G., who was drug tested by Child Protective Services in April 2014, testified that the results of that test were negative.   She believed, however, that, if D.J.J. was drug tested, the results of any such test would be positive. There is no evidence that D.J.J. was ever drug tested.

5

evidence established that D.J.J. failed to support N.G.J., in accordance with his ability, for twelve consecutive months between October 24, 2012, and April 24, 2014.[7]

While there is a dispute regarding whether nonsupport has been established for the necessary time period, we note a glaring defect in the proof relative to D.J.J.'s ability to pay. S.G. had the burden to prove, by clear and convincing evidence, that D.J.J. had the ability to pay *each month* during the relevant time period. *See In re L.J.N.*, 329 S.W.3d 667, 672 (Tex. App.—Corpus Christi 2010, no pet.) (proof of ability to support during each month of twelve-month period is required by Section 161.001(1)(F)); *In re N.A.F.*, 282 S.W.3d 113, 116 (Tex. App.—Waco 2009, no pet.) (same); *E.M.E.*, 234 S.W.3d at 72 (same); *In re T.B.D.*, 223 S.W.3d 515, 518 (Tex. App.—Amarillo 2006, no pet.) (same); *In re D.S.P.*, 210 S.W.3d 776, 781–82 (Tex. App.—Corpus Christi 2006, no pet.) (same); *R.M.*, 180 S.W.3d at 878 (same). S.G. failed to offer *any* evidence regarding D.J.J.'s ability to pay during the statutory time period,[8] and no such evidence appears in the record. Given this complete absence of evidence on that element, termination of D.J.J.'s parental rights cannot be supported under Section 161.001(1)(F) of the Family Code. *See T.B.D.*, 223 S.W.3d at 518; *Yepma v. Stephens*, 779 S.W.2d 511, 512 (Tex. App.—Austin 1989, no writ) (applying rule).

---

[7]Eighteen months before the date of the filing of the petition was October 24, 2012. So, we must consider any consecutive twelve-month period that would have begun no earlier than October 24, 2012, and that would have ended within six months of April 24, 2014.

[8]Although a child support order, such as S.G. apparently described here, may carry with it an implicit finding of the ability to pay at the time of the order, we do not consider any such implicit finding here because (1) there was no proof of the time period covered by the order and (2) any such implied finding "should not be afforded any relevance in a termination proceeding involving section 161.001(1)(F)." *D.S.P.*, 210 S.W.3d at 781.

*(2)*    *Legally Sufficient Evidence Fails to Statutorily Support Termination for Drug Use*

We turn to the other ground for termination: drug use.

Under Section 161.001(1)(P), a court may order termination of parental rights if the court finds, by clear and convincing evidence, that the parent has "used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the child" and the parent "failed to complete a court-ordered substance abuse treatment program" or the parent, "after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance." TEX. FAM. CODE ANN. § 161.001(1)(P).[9] The trial court made no explicit finding that D.J.J. used a controlled substance, as defined by Chapter 481 of the Health and Safety Code, in a "manner that endangered the health or safety" of N.G.J., and further made no findings regarding either the failure to complete a court-ordered substance abuse treatment program or the continued abuse of a controlled substance after the completion of such a program.

While there was testimony regarding D.J.J.'s drug use, there was no evidence regarding any resulting danger to N.G.J. or of anything relative to any court-ordered substance abuse program as required under this ground for termination. *See id.* Because of this complete absence of such evidence, termination of D.J.J.'s parental rights is not supported under Section 161.001(1)(P) of the Family Code. *See In re D.J.J.*, 178 S.W.3d 424, 430 (Tex. App.—Fort Worth 2005, no pet.).

---

[9]This assumes, of course, that the court further finds, by clear and convincing evidence, that termination is in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(2).

Because evidence supporting the only two statutory grounds for termination was legally insufficient, D.J.J.'s parental rights were improperly terminated.[10]

We reverse the trial court's order and render judgment denying termination of D.J.J.'s parental rights to N.G.J.

Josh R. Morriss, III
Chief Justice

Date Submitted:      March 17, 2015
Date Decided:        March 26, 2015

---

[10]In light of this conclusion, we need not address the factual sufficiency of the evidence on the two grounds for termination or of the sufficiency of the evidence to support the trial court's best-interest finding.