# NO. 12-17-00046-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE* |
| *S.K.S., AND C.H.S.,* | § | *COUNTY COURT AT LAW* |
| *CHILDREN* | § | *RUSK COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

R.M. appeals the termination of her parental rights. On appeal, she presents three issues. We reverse and remand.

## BACKGROUND

J.S. is the father and R.M. is the mother of S.K.S. and C.H.S. An order in suit to modify the parent-child relationship signed on June 25, 2014, required that J.S. be appointed sole managing conservator of the children and that R.M. be appointed possessory conservator of the children. Further, R.M. was obligated to pay child support to J.S. in the amount of $275 per month beginning on June 1, 2014.

On July 15, 2016, J.S. filed an original petition for termination of R.M.'s parental rights. R.M. filed a first amended answer and counter-petition to modify the parent-child relationship. At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that R.M. had engaged in one or more of the acts or omissions necessary to support termination of her parental rights under subsection (F) of Texas Family Code section 161.001(b)(1). The trial court also found that termination of the parent-child relationship between R.M., S.K.S., and C.H.S. was in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between R.M., S.K.S., and C.H.S. be terminated. The trial court also ordered that J.S. be appointed managing conservator of the children.

The trial court further found that R.M. was ordered to make periodic payments of child support in the amount of $275 per month beginning June 1, 2014. The trial court found that R.M. failed to make payments as ordered, that R.M. was in arrears in the amount of $8,250 for the period of June 1, 2014 through November 1, 2016, and interest had accrued in the amount of $639.38. The trial court ordered that J.S. be awarded the amount of $8,889.38 in cumulative child support arrearages and interest at six percent per year from the date of the order, or January 18, 2017. This appeal followed.

## TERMINATION OF PARENTAL RIGHTS

Involuntary termination of parental rights embodies fundamental constitutional rights. *Vela v. Marywood*, 17 S.W.3d 750, 759 (Tex. App.–Austin 2000), *pet. denied per curiam*, 53 S.W.3d 684 (Tex. 2001); *In re J.J.*, 911 S.W.2d 437, 439 (Tex. App.–Texarkana 1995, writ denied). Because a termination action "permanently sunders" the bonds between a parent and child, the proceedings must be strictly scrutinized. *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976); *In re Shaw*, 966 S.W.2d 174, 179 (Tex. App.–El Paso 1998, no pet.).

Section 161.001 of the family code permits a court to order termination of parental rights if two elements are established. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2016); *In re J.M.T.*, 39 S.W.3d 234, 237 (Tex. App.–Waco 1999, no pet.). First, the parent must have engaged in any one of the acts or omissions itemized in the second subsection of the statute. TEX. FAM. CODE ANN. § 161.001(b)(1) (West Supp. 2016); *Green v. Tex. Dep't of Protective & Regulatory Servs.*, 25 S.W.3d 213, 219 (Tex. App.–El Paso 2000, no pet.); *In re J.M.T.*, 39 S.W.3d at 237. Second, termination must be in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b)(2) (West Supp. 2016); *In re J.M.T.*, 39 S.W.3d at 237. Both elements must be established by clear and convincing evidence, and proof of one element does not alleviate the petitioner's burden of proving the other. TEX. FAM. CODE ANN. § 161.001; *Wiley*, 543 S.W.2d at 351; *In re J.M.T.*, 39 S.W.3d at 237.

The clear and convincing standard for termination of parental rights is both constitutionally and statutorily mandated. TEX. FAM. CODE ANN. § 161.001; *In re J.J.*, 911 S.W.2d at 439. Clear and convincing evidence means "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations

2

sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014). The burden of proof is upon the party seeking the deprivation of parental rights. *In re J.M.T.*, 39 S.W.3d at 240.

STANDARD OF REVIEW

When confronted with both a legal and factual sufficiency challenge, an appellate court must first review the legal sufficiency of the evidence. *Glover v. Tex. Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex. 1981); *In re M.D.S.*, 1 S.W.3d 190, 197 (Tex. App.–Amarillo 1999, no pet.). In conducting a legal sufficiency review, we must look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder settled disputed facts in favor of its finding if a reasonable fact finder could do so and disregard all evidence that a reasonable fact finder could have disbelieved or found incredible. *Id*.

The appropriate standard for reviewing a factual sufficiency challenge to the termination findings is whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the petitioner's allegations. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). In determining whether the fact finder has met this standard, an appellate court considers all the evidence in the record, both that in support of and contrary to the trial court's findings. *Id*. at 27-29. Further, an appellate court should consider whether disputed evidence is such that a reasonable fact finder could not have reconciled that disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266. The trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 580 (Tex. App.–Houston [1st Dist.] 1997, pet. denied).

<h3>TERMINATION UNDER SECTION 161.001(b)(1)(F)</h3>

In her first issue, R.M. argues the evidence is legally and factually insufficient to terminate her parental rights pursuant to subsection (F) of Texas Family Code section 161.001(b)(1).

**Applicable Law**

The court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent failed to support the child in accordance with the

parent's ability during a period of one year ending within six months of the date of the filing of the petition. TEX. FAM. CODE ANN. § 161.001(b)(1)(F). One year means twelve consecutive months, and the ability to pay support must exist each month during the twelve-month period. *In re E.M.E.*, 234 S.W.3d 71, 72 (Tex. App.—El Paso 2007, no pet.) (*citing In re Z.W.C.*, 856 S.W.2d 281, 283 (Tex. App.—Fort Worth 1993, no writ)); *In re R.M.*, 180 S.W.3d 874, 878 (Tex. App.—Texarkana 2005, no pet.). This twelve-month period of nonsupport and ability to pay begins no earlier than eighteen months before the date of the filing of the petition to terminate. *E.M.E.*, 234 S.W.3d at 72. The burden of proof is on the movant to prove by clear and convincing evidence that the parent had the ability to pay each month. *See id.* A showing of the parent's ability to pay is essential. *In re N.G.G.*, No. 05-16-01084-CV, at *4 (Tex. App.—Dallas Feb. 17, 2017, no pet.) (mem. op.) (not designated for publication); *In re J.R.E.H.*, No. 05-00-01248-CV, 2002 WL 1380321, at *3 (Tex. App.—Dallas June 27, 2002, pet. denied) (not designated for publication). Further, a previous order for child support is not evidence of a parent's ability to pay support for purposes of subsection (F). *In re D.M.D.*, 363 S.W.3d 916, 920 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

**Analysis**

At trial, J.S. testified that R.M. has not paid any child support in accordance with the June 2014 order. As noted above, the June 2014 child support order is not evidence of R.M.'s ability to pay support. *See In re D.M.D.*, 363 S.W.3d at 920. Instead, J.S. had the burden to prove, by clear and convincing evidence, that R.M. had the ability to pay each month during the relevant time period. *See In re L.J.N.*, 329 S.W.3d 667, 672 (Tex. App.—Corpus Christi 2010, no pet.) (proof of ability to support during each month of twelve-month period is required by [section 161.001(b)(1)(F)]); *In re N.A.F.*, 282 S.W.3d 113, 116 (Tex. App.—Waco 2009, no pet.) (same); *E.M.E.*, 234 S.W.3d at 72 (same); *In re T.B.D.*, 223 S.W.3d 515, 518 (Tex. App.–Amarillo 2006, no pet.) (same). Nonetheless, J.S. testified that he did not "have[ ] a clue" as to how much money R.M. and her family earned.

R.M. testified that she was unemployed because she had a small child and could not find work as a nurse's aide for home-bound patients. She was no longer certified as a nurse's aide, and last worked in May 2011. R.M. stated that she had attempted to find employment by completing applications, and putting her name on lists for sitters at a local hospital and nursing homes. R.M. stated that her husband was self-employed working construction, remodeling, and

4

home improvement.  She believed that his hourly wage was $10 to $15, but that he sometimes worked by the job.  She testified that in winter months, it was hard for him to work forty hours per week.  R.M. admitted that she had not paid any of the child support ordered, but stated that it took "every single dime that [her] husband makes for [them] to live every day."  She believed that her family's income was less than $18,000 per year, and that they were unable to save any money after paying for expenses.

It is our obligation to strictly scrutinize termination proceedings and strictly construe the statute in favor of the parent.  *See In re L.J.N.*, 329 S.W.3d at 673.  Thus, even viewing the evidence in the light most favorable to the trial court's finding, we conclude that no rational fact finder could have formed a firm belief or conviction that R.M. had the ability to pay support during the statutory time period.  *See In re J.F.C.*, 96 S.W.3d at 266.  The evidence shows that J.S. did not have a "clue" as to R.M.'s income or ability to pay support, that R.M. was unemployed and unable to obtain work, that the family's income was less than $18,000 per year, and that it took "every single dime that [R.M.'s] husband makes for [them] to live every day." *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(F).  J.S.'s burden was a heavy one, and we conclude that he failed to produce clear and convincing evidence in support of the requisite statutory ground to meet that burden.  *See E.M.E.*, 234 S.W.3d at 72; *In re J.R.E.H.*, 2002 WL 1380321, at *3.  Therefore, we hold that the evidence is legally insufficient to support termination of R.M.'s parental rights, and termination of her rights cannot be supported under section 161.001(b)(1)(F).  *See In re J.F.C.*, 96 S.W.3d at 266; *E.M.E.*, 234 S.W.3d at 72; *In re J.R.E.H.*, 2002 WL 1380321, at *3.  Thus, we sustain R.M.'s first issue.[1]

## UNPLEADED CHILD SUPPORT ARREARAGE

In her third issue, R.M. argues that the trial court erred in awarding J.S. a money judgment in the amount of $8,889.39 in cumulative child support arrearages because there was no pleading to support such relief.  The judgment of a trial court must conform to the pleadings. TEX. R. CIV. P. 301.  In other words, a judgment must be supported by the pleadings and, if not so supported, is erroneous.  *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983).

---

[1] Because we have concluded that the evidence is legally insufficient to support termination of R.M.'s parental rights under subsection (b)(1)(F), we need not address her second issue regarding best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); TEX. R. APP. P. 47.1.

Thus, a party may not be granted relief in the absence of pleadings supporting that relief. ***Id.*** A cumulative money judgment for past-due child support results only after the obligee files a motion for the enforcement of child support requesting a money judgment for arrearage. *See* TEX. FAM. CODE ANN. § 157.263(a) (West 2014); ***Holmes v. Williams***, 355 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

However, the record does not contain a motion for enforcement of child support arrearages filed by J.S. against R.M. *See* TEX. FAM. CODE ANN. § 157.263(a). At the final hearing, J.S.'s counsel stated that he had a "kind of an alternative pleading enforcement of child support." No exhibit was admitted at trial showing the total amount of child support arrearages, and the arrearages were only discussed, briefly, with J.S. His counsel requested, in the alternative at closing, that R.M. be jailed as a result of his "enforcement action." The only pleading in the record from J.S. was his petition for termination, and he did not request enforcement of child support in that pleading. Because J.S. failed to support his claim for child support arrearages with proper pleadings as required by Texas Family Code section 157.263(a) and there was no evidence introduced at trial to confirm such arrearage, the trial court abused its discretion by finding an arrearage of child support, and granting a money judgment for arrearages. *See* TEX. FAM. CODE ANN. § 157.263(a); ***Cunningham***, 660 S.W.2d at 813. We sustain R.M.'s third issue.

## DISPOSITION

Having sustained R.M.'s first and third issues, we ***reverse*** the trial court's order of termination, and ***reverse*** the trial court's judgment for child support arrearage dated January 18, 2017. We ***remand*** the case for further proceedings consistent with this opinion.

<u>GREG NEELEY</u>
Justice

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2017**

**NO. 12-17-00046-CV**

## IN THE INTEREST OF S.K.S., AND C.H.S., CHILDREN

Appeal from the County Court at Law
of Rusk County, Texas (Tr. Ct. No. 2013-09-527)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the trial court's order of termination, it is ORDERED, ADJUDGED and DECREED by this court that the trial court's order of termination and the trial court's judgment for child support arrearage dated January 18, 2017 be **reversed** and the cause **remanded** to the trial court **for further proceedings** consistent with this opinion; and that all costs of this appeal are hereby adjudged against the Appellee, **J.S.**, for which let execution issue; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*