**Opinion filed March 7, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00237-CV

_____

## IN THE INTEREST OF J.D.S., A CHILD

**On Appeal from the 446th District Court**

**Ector County, Texas**

**Trial Court Cause No. E-18-0044-AD**

## M E M O R A N D U M   O P I N I O N

J.D.S.'s father appeals from an order in which the trial court terminated his parental rights. On appeal, the father presents one issue in which he challenges the sufficiency of the evidence to support three of the findings made by the trial court. We affirm.

### *Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018). To determine if the evidence is legally sufficient in a parental termination case, we review all of the

evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

After a bench trial, the trial court found that Appellant had committed three of the acts listed in Section 161.001(b)(1)—namely, those located in subsections (C), (E), and (F). Specifically, the trial court found that Appellant had voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months, that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being, and that Appellant had failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition. *See* FAM. § 161.001(b)(1)(C), (E), (F). The trial court also found that termination of Appellant's parental rights would be in the child's best interest. *See id.* § 161.001(b)(2). Appellant does not challenge the sufficiency of the evidence in support of the best interest finding.[1]

---

[1]We note that the child's amicus attorney informed the trial court that termination of Appellant's parental rights would be in the child's best interest. By all accounts, the child is doing very well in the home with her mother, her mother's husband, and their children. We also note that the mother's husband filed an application to adopt J.D.S. and that the trial court has already granted the adoption.

*Background Facts*

The record reflects that, in April 2010, Appellant was placed on probation for the offense of manufacture and delivery of a controlled substance. In August 2010, three months before J.D.S. was born, Appellant was arrested for possessing marihuana. Appellant went to court for this offense the day after J.D.S. was born, and he was given another chance. Appellant and J.D.S.'s mother remained together as a couple for about five months after J.D.S. was born. After they ended their relationship, Appellant and the mother shared custody of J.D.S. and co-parented well. In 2013, Appellant committed the felony offense of tampering with evidence. He falsified a urinalysis "because [he] had failed it" due to his use of marihuana. Appellant was again placed on probation and given a third chance to be a parent to J.D.S. Then, in 2014, Appellant was again arrested for the possession of marihuana. Appellant's original probation was revoked, and Appellant was sentenced to a term of confinement for ten years for manufacturing and delivering a controlled substance. Appellant was incarcerated on November 18, 2014, and was released on February 9, 2018.

Appellant testified that he knew—prior to his incarceration—that if he continued to engage in criminal activity that he would go to prison and leave J.D.S. without a father. Appellant also knew that, if he went to prison, the mother's ability to provide for J.D.S. would be affected. Appellant nonetheless continued his criminal activity during the time that he and the mother were co-parenting. The mother testified that, during this time, Appellant put J.D.S. into "a few circumstances that she should have never been in." She also testified that J.D.S.'s "heart was broken" when Appellant left to serve his prison term.

At the time of trial, Appellant had not seen J.D.S. in almost four years. He last saw her prior to his incarceration in November 2014. Appellant testified that he loved J.D.S. and would like to reestablish a relationship with her. To that end,

Appellant testified that he had maintained sobriety for almost four years and had made positive changes to his life while in prison, including obtaining two degrees.

*Analysis*

Appellant challenges the sufficiency of the evidence to support all three findings made by the trial court pursuant to Section 161.001(b)(1). Although we agree with Appellant that the evidence is insufficient to support the trial court's findings under subsections (C)[2] and (F),[3] we believe that the evidence is sufficient to uphold termination under subsection (E).

To support termination under subsection (E), the offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). A parent's use of narcotics and the effect of such use on his ability to parent may qualify as an endangering course of conduct. *Id.* Mere imprisonment, standing alone, does not constitute conduct that endangers the emotional or physical well-being of a child. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533–34 (Tex. 1987). However, if the evidence, including imprisonment, shows a course of conduct that has the effect of endangering the physical or emotional well-being of the child, a finding under subsection (E) is supportable. *Id.* Endangering conduct is not limited to actions directed toward the child and may include the parent's use of drugs. *J.O.A.*, 283 S.W.3d at 345.

---

[2]The evidence did not show that Appellant "voluntarily" left. Furthermore, the evidence did not show that Appellant failed to make arrangements for the adequate support of his child (support by others, such as the mother and her husband). *See, e.g.*, *Holick v. Smith*, 685 S.W.2d 18, 21 (Tex. 1985).

[3]Although Appellant agreed at trial that, "[e]very once in a while," his family would send him money to put in his prison account and that he could have paid $1 or $20 "here and there" for J.D.S.'s support, the evidence did not show that Appellant, while incarcerated, had the ability to pay support for the child during each month of the relevant twelve-month period. *See, e.g.*, *In re L.J.N.*, 329 S.W.3d 667, 672–74 (Tex. App.—Corpus Christi 2010, no pet.) (holding that there must be proof that the parent had the ability to support during each month of the twelve-month period and citing several other cases in support of that proposition).

In this case, there was evidence that Appellant engaged in a course of conduct that endangered his child's well-being. He was involved with illegal drug activity both before and after J.D.S. was born. He continued to commit crimes and use illegal drugs even after he was placed on probation—while he was co-parenting and sharing custody of J.D.S. Appellant placed J.D.S. into "a few circumstances that she should have never been in." As a result of his drug-related, criminal course of conduct, Appellant received a ten-year sentence around the time that J.D.S. turned four years old. From this evidence, the trial court could reasonably have formed a firm belief or conviction that Appellant engaged in a course of conduct that endangered J.D.S.'s well-being. *See In re M.D.P.*, No. 11-18-00146-CV, 2018 WL 6053931, at *3 (Tex. App.—Eastland Nov. 20, 2018, no pet.) (mem. op.); *In re J.A.L.*, No. 11-13-00191-CV, 2013 WL 7083191, at *3 (Tex. App.—Eastland Dec. 19, 2013, no pet.) (mem. op.); *see also Boyd*, 727 S.W.2d at 533–34. We cannot hold that the finding made by the trial court pursuant to Section 161.001(b)(1)(E) was not supported by clear and convincing evidence; the evidence is both legally and factually sufficient to support the finding. Accordingly, we overrule Appellant's sole issue on appeal.

## *This Court's Ruling*

We affirm the order of the trial court insofar as it terminated the parental rights of J.D.S.'s biological father.

March 7, 2019

JOHN M. BAILEY

Panel consists of: Bailey, C.J., Stretcher, J., and Wright, S.C.J.[4]

CHIEF JUSTICE

Willson, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.